Honorable Judge Christopher M. Alston
Chapter 13
Hearing Location: Port Orchard
Hearing Date: February 19, 2020
Hearing Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

Alvin Bradford White,

    Debtor.

**CASE NO.:  19-14245-CMA**

**CHAPTER  13**

**OBJECTION TO CONFIRMATION BY U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact ("Creditor"), objects to confirmation of the proposed chapter 13 plan (The "Plan") of Alvin Bradford White ("Debtor" herein).  The basis for this objection is that the Plan does not comply with the provisions of Title 11, chapter 13 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

### I.      BACKGROUND

On or about November 16, 2005, Alvin B. White executed and delivered a note in favor of CTX Mortgage Company, LLC in the original principal amount of $898,000.00.  This Note was secured by a Deed of Trust ("Deed") encumbering real property commonly described as 11171 SE Tola Road, Port Orchard, WA 98366 ("Property").  Creditor is the holder of the note or services the note for the holder.

On November 21, 2019, Debtor filed for protection under Title 11, chapter 13 of the United States Code under cause number 19-14245-CMA in the above listed court.

Objection to Confirmation - 1
MH# WA-19-159215

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

The outstanding balance due on the Note as of filing is approximately $1,596,789.71.  As of the same date the loan is contractually due for the April 1, 2010 payment.

The pre-petition arrears, including payments, late charges, escrow advances and accrued fees and costs are approximately $583,513.68 as will be detailed in Creditor's filed proof of claim.  The monthly payment due as of December 1, 2019 is $4,919.54.

## II.      ARGUMENT AND AUTHORITY

Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a plan only if as to each secured claim the claim holder accepts the plan and the plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim.  It is unclear that the Debtor even recognizes the claim of Creditor in the proposed plan.

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the plan only if the Debtor demonstrates an ability to make all payments under the plan and otherwise perform on the provisions of the plan.  Debtor's plan is underfunded to make even some of the payments scheduled.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a plan may not modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's personal residence.  In the case at bar, Debtor has proposed a plan that modifies Creditor's right to regular monthly maintenance payments.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(5) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due.  The proposed plan fails in both regards.

## III.      CONCLUSION

For the reasons listed above, the chapter 13 plan as proposed fails to comply with the requirements of United States Code Title 11.  Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan.  If the court sustains this objection and denies confirmation, Creditor respectfully requests that the Court set a deadline by which an

Objection to Confirmation - 2
MH# WA-19-159215

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-14245-CMA    Doc 32    Filed 12/17/19    Ent. 12/17/19 16:09:05    Pg. 2 of 4

amended plan is to be filed.  Creditor further requests that if the Debtor does not file the Amended Plan by the date imposed by the Court, that the Trustee be permitted to submit an order dismissing the bankruptcy case for failure to comply with the order of the court.

Dated: December 17, 2019                    McCarthy & Holthus, LLP


                                            /s/  Lance E. Olsen
                                            Lance E. Olsen, Esq. WSBA# 25130
                                            Michael S. Scott WSBA# 28501
                                            Attorneys for Movant

Objection to Confirmation - 3
MH# WA-19-159215

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-14245-CMA    Doc 32    Filed 12/17/19    Ent. 12/17/19 16:09:05    Pg. 3 of 4

## CERTIFICATE OF SERVICE

On 12/17/2019, I served the foregoing **OBJECTION TO CONFIRMATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Jason Wilson-Aguilar
courtmail@seattlech13.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Andrei Mihai
Andrei Mihai

On 12/17/2019, I served the foregoing **OBJECTION TO CONFIRMATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Alvin Bradford White, PO Box 128, Southworth, WA 98386

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Mailing- 4
MH#WA-19-159215

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 19-14245-CMA    Doc 32    Filed 12/17/19    Ent. 12/17/19 16:09:05    Pg. 4 of 4